IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: TABITHA M. BRANNAN, ) | |
| ) | Chapter 13 |
| Debtor. ) | Case No. 06-32392 |
| ) | |
| ) | |
| TABITHA M. BRANNAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 06-03125 |
| ) | |
| ALAN BRYMER, ) | |
| ) | |
| CAITLIN BRADLEY, ) | |
| ) | |
| GLADSTONE ENTERPRISES, INC., ) | |
| a Virginia corporation, ) | |
| ) | |
| GREAT NORTHERN TRADING CO., LLC ) | |
| ) | |
| and ) | |
| ) | |
| CARL M. BATES, Chapter 13 Trustee, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

COMES NOW PLAINTIFF, Tabitha Brannan (hereinafter the "Debtor" or the "Plaintiff"), by counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7015, and files her Second Amended Complaint herein. Plaintiff states that, in accordance with this Court's order of

---

Augustus C. Epps, Jr., VSB 13254
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
804-697-4104 (Telephone)
804-697-6104 (Facsimile)
Special Counsel to Tabitha M. Brannan

January 30, 2007, Plaintiff has amended only Count IV.  In furtherance thereof Plaintiff states as follows:

1.      Plaintiff is a resident of Spotsylvania County, Virginia, residing at 10009 Grass Market Court, Fredericksburg, Virginia 22408.  Plaintiff has resided there continuously since October, 1999.

2.      Defendant Alan Brymer is a former resident of the Commonwealth of Virginia and, upon information and belief, now resides at 57 E 400N, Apt. 2, Provo, Utah, 84606 with significant property interests and an ongoing business enterprise in Virginia.

3.      Defendant Caitlin Bradley is a former resident of the Commonwealth of Virginia and, upon information and belief, now resides at 57 E 400N, Apt. 2, Provo, Utah 84606, with significant property interests and an ongoing business enterprise in Virginia.  Upon information and belief, defendant Bradley is the wife of defendant Brymer.

4.      Defendant Gladstone Enterprises, Inc., is a Virginia corporation having a place of business in Fredericksburg, Virginia and having active and ongoing Virginia business operations.

5.      According to the records maintained by the State Corporation Commission of Virginia, Alan Brymer is the president of Gladstone Enterprises, Inc.

6.      According to the records of the State Corporation Commission of Virginia, Great Northern is a limited liability company.  Its principal office is located at 2727 Duke Street C3, Alexandria, Virginia 22314.  Great Northern also maintains a place of business at 10458 Cliff Mills Road, Marshall, Virginia 20115.

7.      On September 6, 2006, the Plaintiff filed a petition under Chapter 13 of the United States Bankruptcy Court.  Her Chapter 13 case (No. 06-32392) (the "Chapter 13 Case") is

currently pending in this Court. Defendant Carl M. Bates is the duly appointed Chapter 13 Trustee in the Chapter 13 Case.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334. This is a core proceeding pursuant to 28 U.S.C. 157.

9. Chase Manhattan Mortgage Corporation ("Chase") is the holder of the first lien deed of trust on the Plaintiff's principal residence at 10009 Grass Market Court, Fredericksburg, Virginia 22408.

10. Great Northern is the holder of an alleged second lien deed of trust on the Plaintiff's principal residence. Upon information and belief, Great Northern is related by either common ownership or intertwined business relationships with defendants Brymer, Bradley and Gladstone.

11. Plaintiff is the victim of an "equity scam" perpetuated by the defendants. In a typical "equity scam," a person or entity claiming to provide mortgage foreclosure relief services (the "Perpetrator") contacts or is contacted by a consumer facing property foreclosures. The Perpetrator represents to the consumer that he will work with the consumer's mortgage holder to save the consumer's house. The consumer is convinced by the Perpetrator to execute documents that the consumer believes authorize the Perpetrator to contact the mortgage company on behalf of the consumer or that provide for a loan from the Perpetrator secured by a subordinate lien on the consumer's residence. What in fact happens is that typically the consumer has executed a deed transferring ownership of the property from the consumer to the Perpetrator, the Perpetrator often representing to the consumer that the transaction is a loan refinancing or a sale-repurchase that is equivalent to a loan refinancing. Often the documents call for the consumer to "rent" their own home from the Perpetrator for a short period, often a year. After that period, if the

3

consumer does not repurchase his or her own home at a contractually-stipulated and usually inflated price, the consumer loses all right to his or her home. In addition, and most disturbing is the reality that the consumer is not relieved of the personal obligation to pay the first mortgage.

In addition, soon after "acquiring" the fee simple interest to the consumer's home, the Perpetrator either resells the property and pockets the remaining equity or mortgages to the property and pockets the equity, occasionally paying a small portion of the proceeds to the consumer. See, *e.g.* Complaint, *State of Minnesota v. Home Funding Corporation*, attached as Exhibit A hereto; *State of Texas v. Bobbie Heckard et al.*, attached as Exhibit B hereto.

12.     During September, 2003, due to various financial and family problems, Ms. Brannan began having difficulty making her mortgage payments to Chase.

13.     Hoping to obtain a second deed of trust loan, Ms. Brannan came into contract with Gladstone Enterprises, Inc., located at 111 Meredith Lane, Fredericksburg, Virginia 22405-8708, having previously received solicitation materials from defendant Brymer and defendant Gladstone. See Exhibit C attached hereto. Representatives of defendant Gladstone suggested to Plaintiff that they believed Gladstone could help her avoid foreclosure and obtain the loan she was seeking in order to bring her mortgage current.

14.     On or about April 27, 2005, Ms. Brannan was informed that a closing on her financing would occur at Ameri Title & Settlement Services, LLC, 1955 Jefferson Davis Highway, Suite 100, in Fredericksburg, Virginia.

15.     Ms. Brannan presented herself at the office of Ameri Title and executed the documents presented to her (the "April Closing"), being told that she was executing a deed of trust and related documents to document her loan from defendant Gladstone. In fact, the documents Plaintiff executed in April, 2005 appear to comprise the following:

4

      a.  Deed from Tabitha Brannan, Grantor, to Caitlin Bradley, Trustee, as Grantee;

      b.  Agreement and Declaration of Trust dated the ___ [sic] day of April between Tabitha Brannan, as Grantors and Beneficiaries [sic] and Caitlin Bradley, as Trustee;

      c.  Assignment of Beneficial Interest of Trust, dated the ____ [sic] day of April, 2005, between Tabitha Brannan, Assignor, and Gladstone Enterprises, Inc., Assignee;

      d.  Letter of Agreement and Addendum dated April 27, 2005 bearing the signature of Tabitha Brannan; and

      e.  Authorization to Release Information dated April 26, 2005 bearing the signature of Tabitha Brannan.

These documents (collectively, the "April Closing Documents") are attached hereto as Exhibit D.

16.    Immediately following the April Closing Chase was tendered a check in the approximate amount of $7,500, and the impending foreclosure on Plaintiff's principal residence was called off.

17.    At the time the Plaintiff entered into the loan arrangement with the defendants, her home was valued well in excess of $225,000 with a first deed of trust loan payable to Chase in the amount of approximately $138,000. Because Plaintiff has continued to make the regular monthly payments to Chase, the present balance owed Chase is approximately $132,000. *See* proof of claim filed by Chase in the Chapter 13 Case, a copy of which is attached hereto as Exhibit E.

18.    In May, the Debtor was required to return to the offices of Gladstone to execute additional documents (the "May Closing").

5

19.     In May, 2005 Plaintiff executed a deed dated May 31, 2005 from Tabitha Brannan as Grantor to Alan Brymer as Grantee.  Although no consideration is recited in the deed, the land records of Spotsylvania County state that the consideration was $140,100.41, the approximate sum of a) the then current balance owed Chase by Plaintiff, plus b) the amount previously advanced to Plaintiff in April to stave off the Chase foreclosure.  Notwithstanding the foregoing, however, defendant Brymer did not assume the Chase obligation, nor did he agree to hold Plaintiff harmless therefrom.  A copy of this deed is attached hereto as Exhibit F.

20.     Thereafter, defendant Brymer executed as Grantor a document entitled "Second Deed of Trust" dated May 31, 2005 in favor of Paul C. Kincheloe and Barry A. Schneiderman, Trustees, to secure a note dated May __, 2005 [sic] in the amount of $74,725 made by defendant Brymer, individually and not as Trustee, payable to the order of defendant Great Northern (the "Great Northern Note"), thus completing the scheme by which defendants Brymer, Bradley and Gladstone by fraud and intentional misrepresentation attempted to divest the Debtor of her principal residence and arrogate unto themselves the equity the Debtor had accumulated in her principal residence.  A copy of the Second Deed of Trust, together with a copy of the note it allegedly secures, is attached hereto as Exhibit G.

21.     Following the May Closing, the Debtor received a check for $25,000.

22.     One or more of defendants Brymer, Bradley and Gladstone retained all remaining funds from the proceeds of the note other than the $25,000 referenced in the immediately preceding paragraph, which was paid to Plaintiff, and the Debtor's principal residence is currently titled of record in the name of the defendant Brymer.

23.     Although the May 31, 2005 deed appears to have been in consideration of the assumption by the Grantee of the balance due Chase, Plaintiff has continued to make the regular

6

monthly payment on her first mortgage obligation to Chase, and that loan remains in her name alone. As of the date her Chapter 13 Case was filed, the Chase loan was in good standing and current.

24. Upon information and belief based on communications from defendant Great Northern, defendant Brymer has not made any payments on the Great Northern Note (of which he is the maker), causing the balance due on the Great Northern Note, as of September 10, 2006 to have increased to $84,983.62. Rather, Great Northern was seeking payments on the Great Northern Note from Plaintiff. See Exhibit H attached hereto.

25. On or about September 7, 2006 defendant Brymer caused an Unlawful Detainer warrant to be filed in the Spotsylvania County General District Court seeking to evict Plaintiff from her principal residence. See Exhibit I attached hereto.

## COUNT I

*Fraudulent Conveyance of Principal Residence Pursuant to 11 U.S.C. §548*

26. Paragraphs 1 through 25 are incorporated herein as if restated in their entirety.

27. In the transaction between Plaintiff and the Defendants, Plaintiff was "paid" only $32,000 for her residence, which, upon information and belief, has a value approximating $240,000. The first mortgage in favor of Chase Mortgage was not assumed, and the Debtor remains the only party obligated thereon. Thus the Debtor received less than a reasonably equivalent value in exchange for the "sale" of her principal residence. The Plaintiff was insolvent at the time of the transfer.

28. Defendant Great Northern is a mediate transferee of an interest in the Debtor's principal residence.

WHEREFORE, Plaintiff prays that the transfer of her principal residence be avoided pursuant to Sections 548 and 550 of the Bankruptcy Code, that title to Plaintiff's principal residence be restored to Plaintiff, and that defendants Brymer, Bradley, Gladstone and Great Northern be ordered to expunge the Great Northern Deed of Trust from the land records of Spotsylvania County.

## COUNT II

*Fraudulent Conveyance of Cash Pursuant to 11 U.S.C. §548*

29. Paragraphs 1 through 28 are incorporated herein as if restated in their entirety.

30. Although since May, 2005 defendant Brymer appears to have been the owner of record of Plaintiff's principal residence, subject to the Chase lien, Plaintiff and not defendant Brymer has made each and every monthly payment due Chase on her first mortgage. Each monthly payment was in the amount of $970.34. Accordingly, as of September 2, 2006 Plaintiff has made an aggregate of $15,525.44 in payments for the benefit of defendant Brymer for which she has received either no consideration or inadequate consideration.

WHEREFORE, Plaintiff prays for judgment against defendant Brymer in the amount of $15,525.44 pursuant to 11 U.S.C. §§ 548 and 550.

## COUNT III

*Truth-in-Lending Act Violation*

31. Paragraphs 1 through 30 are incorporated herein as if restated in their entirety.

32. Prior to, during, and following the closing defendants Brymer, Gladstone, and Great Northern and their agents have represented to the Plaintiff that the transaction in question was a "loan."

8

33. Defendants provided Plaintiff with no disclosures pursuant to the federal Truth in Lending Act (15 U.S.C. §1601 *et seq.*)("TILA").

34. Defendants made no homeowner's equity protection disclosures under the federal Home Owners Equity Protection Act (15 U.S.C. §1631 *et seq.*)("HOEPA").

35. Defendants provided Plaintiff with no notice of her right to rescind the transaction pursuant to 15 U.S.C. §1635.

36. Defendants failed to provide the Plaintiff with copies of properly signed and notarized documents.

37. On or about September 22, 2006, within the three-year period prescribed by 15 U.S.C. §1640, Plaintiff informed defendants Brymer, Bradley and Gladstone in writing that she was rescinding the transaction pursuant to her rights under 15 U.S.C. §1639. To date, the Defendants have not complied with their obligations under 16 U.S.C. §1635 and have not tendered back to Plaintiff a deed to her principal residence.

WHEREFORE, Plaintiff prays that, in accordance with the provisions of 15 U.S.C. §1640, Defendants be ordered to tender back to Plaintiff a deed to her principal residence, such deed to contain general warranty and English covenants of title, that such defendants be ordered to remove any clouds on title imposed since the April Closing, including specifically, but without limitation, the deed of trust allegedly securing Great Northern Note and, in addition, that defendants be ordered to pay Plaintiff statutory damages in the amount of $2000 plus her costs and the reasonable fees and expenses of her counsel.

## **COUNT IV**

*Fraud*

38. Paragraphs 1 through 37 are incorporated herein as if restated in their entirety.

9

39. The facts set forth above demonstrate that defendants Brymer, Bradley and Gladstone intended to defraud Plaintiff out of the substantial equity in her principal residence and conspired among themselves so to do, and that their actions were in furtherance of their fraudulent intentions.

40. In furtherance of their fraudulent scheme, defendant Brymer intentionally misrepresented or failed to disclose a number of material facts concerning the proposed transaction with Plaintiff, including, but not limited to, the following:

    a. it was represented to Plaintiff that the transaction constituted a loan the proceeds of which would bring her existing first mortgage current;

    b. Plaintiff was not told that she would be divested of the substantial equity in her home (approximately $100,000) for substantially less consideration (approximately only $32,500) than her accumulated equity;

    c. it was not disclosed to Plaintiff that under the Brymer/Bradley/Gladstone scheme Plaintiff would lose her principal residence in any event. As a result of that scheme the loss would not be through foreclosure but because defendants Brymer, Bradley and Gladstone would have arrogated unto themselves the substantial equity in her principal residence, which would otherwise have been available to the Plaintiff and her creditors; and

    d. Plaintiff was not informed that Plaintiff would remain obligated for the full amount of the first mortgage debt on her principal residence.

WHEREFORE, the Plaintiff requests that this Court order that the Defendants be ordered to tender back to Plaintiff a general warranty deed with English covenants of title to her principal residence, that such Defendants be ordered to remove any clouds on title imposed since the April Closing including specifically but without limitation the deed of trust allegedly securing Great

Northern Note, that the defendants be ordered to pay Plaintiff her actual damages resulting from the fraud, and that Plaintiff receive such additional relief that this Court deems necessary and proper.

### COUNT V

*Punitive Damages*

41. Paragraphs 1 through 40 are incorporated herein as if restated in their entirety.

42. The actions of defendants Brymer, Bradley and Gladstone constitute an actual fraud perpetrated upon Plaintiff by which Plaintiff has been damaged through the loss of the equity in her home.

43. The actions of defendants Brymer, Bradley and Gladstone were taken willfully, maliciously, and with conscious and callous disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays in addition to the damages awarded pursuant to Count IV hereof, that she be granted judgment against defendants Brymer, Bradley and Gladstone in the amount of $100,000.

TABITHA M. BRANNAN

By: /s/ Augustus C. Epps, Jr.
    Augustus C. Epps, Jr.

Augustus C. Epps, Jr., VSB 13254
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
804-697-4104 (Telephone)
804-697-6104 (Facsimile)

*Special Counsel to Tabitha M. Brannan*

Debra D. Corcoran VSB 31874
Post Office Box 29421
Richmond, Virginia 23233
804-651-2224 (Telephone)
804-346-3940 (Facsimile)
*Special Counsel to Tabitha M. Brannan*

## CERTIFICATE OF SERVICE

I hereby certify that on the ninth day of February, 2007, a true copy of the foregoing pleading was transmitted by electronic means or mailed to the following:

Hartley E. Roush, Esquire
Krumbein & Associates, PLLC
1650 Willow Lawn Drive, Suite 300
Richmond, Virginia 23230

Carl M. Bates, Chapter 13 Trustee
600 East Main Street
Richmond, Virginia 23219

Teddy J. Midkiff, Esquire
Goff & Midkiff, PLLC
P. O. Box 313
Chesterfield, Virginia  23832

Douglas Scott, Esquire
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.

#799677.1