**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**IN RE: TABITHA M. BRANNAN**                    **Case No. 06-32392-DOT**
        Chapter 13 Debtor

  **TABITHA M. BRANNAN**
            Plaintiff
    v.                                           Adv. Proc. No. **06-03125-DOT**

  **ALAN BRYMER,**
  **CAITLIN BRADLEY,**
  **GREAT NORTHERN TRADING COMPANY,**
  **CARL M. BATES,**
  **GLADSTONE ENTERPRISES, INC.**
            Defendant

**GLADSTONE ENTERPRISES, INC.**          **- Counter-Claimant**
v.
**TABITHA M. BRANNAN**                    **- Counter-Respondent**

**GREAT NORTHERN TRADING COMPANY**       **- Cross-Claimant**
v.
**ALAN BRYMER, TRUSTEE, and**             **- Cross-Respondents**
**ALAN BRYMER, individually,**
**CAITLIN BRADLEY**

**MEMORANDUM OPINION**
**(Not For Publication)**

Plaintiff Tabitha M. Brannan, who is the debtor in this chapter 13 case, filed a motion

requesting the court to reconsider its Amended Memorandum Opinion entered on October 1,

2008, or alternatively to grant a new trial on one of the decided issues. Plaintiff's motion,

accompanied by a memorandum in support, was timely filed on October 10, 2008. (Dockets 102,

103) Defendants Great Northern Trading Company LLC and Alan Brymer, *et al*, filed separate

oppositions to plaintiff's motion. (Dockets 105, 106)

For reasons stated in this opinion, plaintiff's motion must be denied.

### The Memorandum Opinion of April 14, 2008.

Following trial on August 16, 2007, the parties submitted supplemental briefs, and the

court entered the initial opinion in this adversary proceeding on April 14, 2008. The opinion

considered the issues raised under plaintiff's complaint, but the court did not enter a judgment

order at that time. In count III of the complaint, plaintiff asserted a claim against Alan Brymer

and Gladstone Enterprises under provisions of the Federal Truth In Lending Act found in 15

U.S.C. § 1601 *et seq* (TILA) and the Federal Homeowners Equity Protection Act, 15 U.S.C.

§ 1631 *et seq* (HOEPA). The court ruled in the opinion that the transaction between plaintiff and

these defendants was an equitable mortgage and subject to TILA. However, the court found that

plaintiff had not properly rescinded the transaction. Because a rescission might influence any

damage award and because the three-year period for rescinding the transaction had not expired,

the court did not enter judgment on the TILA count but reserved final ruling so as to allow

plaintiff to make a proper rescission. In fact, the court did not enter judgment on any of the

rulings made in the opinion and recognized that additional pleading might ensue.

### Motions Following Opinion of April 14, 2008.

The court's opinion, issued without an accompanying judgment order, generated

vigorous responses from the defendants, who urged the court to enter judgment on the rulings

and argued that to allow plaintiff to rescind the loan after trial was impermissible. The court's

second memorandum opinion, issued October 1, 2008, addressed the various motions to alter or

amend the opinion of April 14. With respect to the TILA ruling, defendants' arguments were

described by the court as follows:

> Great Northern's position may be summarized as follows: 1) the court
> erroneously construed the April 27, 2005, transfer of property from debtor to

Brymer as an equitable mortgage; and 2) even if the transaction was an equitable mortgage, TILA does not apply because debtor presented no evidence that Brymer or Gladstone regularly extend credit in a manner that would qualify them as creditors under TILA. It argues that the transfer was not an equitable mortgage because it "is simply not a mortgage or consumer credit transaction." (Great Northern Memorandum, docket 78, at 4.) Great Northern also argues that the transaction cannot be an equitable mortgage under Virginia law unless debtor owes a debt to Brymer, and if debtor did not intend to reacquire the property a mortgage does not exist. Finally, Great Northern states that debtor presented no evidence that she ever intended to repay the money paid to her for the forty percent beneficial share of her property.

Great Northern's second argument that Brymer and Gladstone do not qualify as creditors under TILA was not raised previously or considered by the court in the memorandum opinion. Defendants assert that Regulation Z of TILA, 12 C.F.R. § 226, requires debtor to present evidence that at least five consumer credit home loan transactions were entered into by the creditor within the past calendar year. Debtor failed to present this evidence. (emphasis added)

In their motion, defendants Brymer and Gladstone make an argument similar to that of Great Northern to the effect that an equitable mortgage has not been proven, and even if so, TILA does not apply to them. In addition, they argue the court lacks authority to order a new trial based upon debtor's having served a TILA notice of rescission after issuance of the opinion of April 14, 2005. They argue that the provisions of Fed. R. Civ. P. 59(d) authorizing a court to grant a new trial do not allow the court to grant a new trial to permit debtor to invoke TILA under the circumstances here because the granting of a new trial is not proper to allow a party to introduce evidence that did not exist at the time of trial. Finally, Brymer and Gladstone assert that any TILA damages are barred by a one year statute of limitations and that Gladstone is entitled to judgment on its counterclaim, seeking a declaration that Gladstone is holder of debtor's remaining sixty percent interest in the subject realty.

Memorandum Opinion on Motions to Alter or Amend April 14, 2008 Opinion, 6-7 (emphasis added).

As noted in the highlighted excerpt above, defendants' argument in their motions to the effect that TILA requires evidence of at least five consumer loan transactions was the first time they had made a specific argument in the case concerning the number of creditors necessary to a TILA claim.

In response to the defendants' motions to alter or amend, plaintiff filed a motion to strike

or reconsider. With respect to defendants' TILA argument, plaintiff argued that the court should

not consider the "creditor question" argument because it involves a "legal defense to a claim"

that should have been raised no later than the time of trial, in accordance with Fed. R. Civ. P.

12(h)(2). Plaintiff went on to argue that in this case the applicable definition of creditor under 15

U.S.C. § 1602(f) is a "person who originates 2 or more mortgages . . . in any 12 month period or

any period who originates 1 or mortgages through a mortgage broker . . . ." 15 U.S.C § 1602(f).

### The Court's Amended Memorandum Opinion of October 1, 2008.

The amended opinion was the third opinion entered by the court in this case and sought

to dispose of all remaining issues. Plaintiff's present motion relates to the court's ruling that the

defendants were not creditors under TILA and therefore not subject to plaintiff's TILA damage

claim.

First, the court rejected plaintiff's contention in her motion to strike that the court should

not consider the "creditor question" argument because it had not been raised until after trial.

Next, the court ruled that the equitable mortgage between plaintiff and defendants

Brymer-Gladstone was a transaction that could be subject to a TILA claim. As noted above, the

defendants argued in their motions to alter or amend that they were not creditors in the

transaction under the statute's definition. The court accepted plaintiff's argument that the

definition of creditor, applicable here, is provided by 15 U.S.C. § 1602(f): a creditor is a "person

who originates 2 or more mortgages . . . in any 12-month period or any person who originates 1

or more mortgages through a mortgage broker . . . ." 15 U.S.C. § 1602(f). This definition was

applicable to the present case because of the high effective interest rate generated in the parties'

transaction. *See* 15 U.S.C. § 1602(aa).

Plaintiff had failed to present any evidence at trial that Brymer and Gladstone entered

into any consumer credit transactions within the past year other than the transaction at the center

of this litigation. The court ruled that the transaction did not constitute two or more mortgages,

and therefore neither Brymer nor Gladstone was subject to the TILA claim because they were

not creditors under the statute.

## Plaintiff's Motion For Reconsideration.

Plaintiff's motion is premised on the fact that Brymer and Gladstone did not present any

argument that they were not creditors under TILA until their post-trial motions following the

court's entry of the initial memorandum opinion of April 14, 2008. Plaintiff asserts that the

court's ruling on the creditor issue must have either been based on 1) jurisdictional grounds or 2)

a ruling "that the issue was properly raised and was before the Court for decision all along."

(Pl.'s Memorandum In Support, p. 8.) Plaintiff argues that neither premise is correct and that the

court should alter or amend the "creditor question" ruling and uphold her TILA claim against

Brymer and Gladstone. Alternatively, plaintiffs request a new trial on this issue.

## Discussion and Conclusions of Law.

Legal Standards for Motions to Alter or Amend Judgments.

The federal procedures applicable to motions for amendment of court orders, often

referred to as motions for reconsideration, are found in Federal Rule of Bankruptcy Procedure

9023 and Federal Rule of Civil Procedure 59. *See* 10 *Collier on Bankruptcy* ¶ 9023 (Alan N.

Resnick & Henry J. Sommer, eds, 15th rev. ed. 2008). In order for a bankruptcy court to alter or

amend an order or judgment under Fed. R. Civ. P. 59, a party movant must show that the

reconsideration is necessary on at least one of three grounds: (1) manifest error of law;

(2) manifest error of fact; or (3) newly discovered evidence. *See Jefferson Bank. v. Devault Mfg.*

*Co. (In re Devault Mfg. Co.)*, 4 B.R. 382, 385 (Bankr. E.D. Pa. 1980); *see also Hutchinson v.*

*Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see generally* Fed. R. Civ. P. 59(a)(1)(B), formerly

Fed. R. Civ. P. 59(a)(2) (stating that a rehearing can be granted "for any reason for which a

rehearing has heretofore been granted in a suit in equity . . . "). Thus, in practice, the grounds for

motions seeking new trials boil down to either an alleged manifest error of law or fact or some

type of alleged newly-discovered evidence. 10 *Collier on Bankruptcy* ¶ 9023 (Alan N. Resnick

& Henry J. Sommer, eds, 15th ed. rev. 2008); 12 *Moore's Federal Practice § 59.13[3]* (Matthew

Bender 3d ed. 2008).

Count III of Plaintiff's Second Amended Complaint.

Count III of plaintiff's amended and second amended complaint invokes the Truth In

Lending Act, a complex statutory scheme found in 15 U.S.C. § 1601 *et seq.* In the prayer of

count III plaintiff asks that defendants, pursuant to 11 U.S.C. § 1640, be ordered 1) to tender

back a deed to her residence, 2) remove all clouds on the title, and 3) pay damages in the amount

of $2,000 plus costs and reasonable attorney fees.

For purposes of plaintiff's present motion, a brief review of TILA provisions will suffice.

Section 1640 provides remedies to an obligor under a covered TILA transaction where "any

creditor . . . fails to comply with any requirement under [part B of TILA (Credit Transactions)],

including any requirement under section 1635 . . . ." Section 1631 of TILA requires a creditor (as

defined in § 1602) to disclose to a person obligated on a "consumer credit transaction" the

information required under Part B of the statute. Section 1635 gives a three-day right of

rescission to an obligor under a "consumer credit transaction" in which the obligor grants a

security interest in his or her principal residence. Where the creditor fails to comply with TILA

notice provisions, the rescission period is extended to a period of three years.

Motion to Reconsider.

The issue raised by plaintiff's motion is whether the Brymer defendants waived their

right to argue the definition of creditor under 15 U.S.C. § 1602(f) by not raising it until after the

court's ruling in the opinion entered April 14, 2008.          Plaintiff's motion is based wholly on

her argument that the decision of the Supreme Court in *Arbaugh v. Y & H Corp.*, 546 U.S. 500

(2006), precludes this court's consideration of the defendants' assertion of the defense that they

were not creditors under 15 U.S.C. 1602(a).

*Arbaugh* involved a lawsuit under Title VII of the Civil Rights Act of 1964 by an

employee against a former employer. The employee charged sexual harassment in violation of a

Title VII provision that makes it unlawful for "an employer . . . to discriminate against any

[employee] with respect to . . . sex," and defines "employer" as "a person . . . who has fifteen or

more employees . . . ." 42 U.S.C. § 2000e-2(a)(1), 2000e(b). Following trial, the jury rendered a

verdict for plaintiff. After judgment had been entered for plaintiff, defendant moved to dismiss

the complaint for lack of federal subject-matter jurisdiction. Defendant based its motion on the

assertion, made for the first time in the motion to dismiss, that it had fewer than fifteen

employees. The issue raised by defendant's motion was whether the statute's numerical

qualification of fifteen or more employees in the definition of employer affected federal subject-

matter jurisdiction "or, instead, delineate[d] a substantive ingredient of a Title VII claim for

relief." 546 U.S. at 503. In other words, the issue was whether the fifteen employee requirement

was jurisdictional and could be raised after judgment or whether it was merely an element of

plaintiff's claim. If it was the latter, defendant had waived the defense by not raising it before a

verdict was reached.

The Supreme Court held early in its opinion that the numerical requirement of fifteen or

more employees was not jurisdictional but instead related "to the substantive adequacy of

Arbaugh's Title VII claim, and therefore could not be raised defensively late in the lawsuit, i.e.,

after Y& H had failed to assert the objection prior to the close of trial on the merits." *Id.* at 504.

The court went on to discuss at length the provisions of Title VII at issue and the applicable

jurisdictional provisions.

In summary, the court noted that 28 U.S.C. § 1331 provides broad authority for federal

courts to exercise subject-matter jurisdiction over civil actions arising under laws of the United

States. Title VII also provides its own grant of subject-matter jurisdiction to federal courts. 42

U.S.C. § 2000e-5(f)(3). The absence of subject-matter jurisdiction may be raised by a party or

the court at any time, "even after trial and the entry of judgment." 546 U.S. at 506; *see* Fed. R.

Civ. P. 12(h)(3). However, a Rule 12(b)(6) motion that the complaint fails to state a claim upon

which relief may be granted "may not be asserted post trial." *Id.* at 507. "A defense of failure to

state a claim upon which relief can be granted . . . may be made in any pleading . . . or by motion

for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. P. 12(h)(2). While

Congress could have specified the number of employees as a jurisdictional element of Title VII

sex discrimination suits, it did not clearly do so. "[W]hen Congress does not rank a statutory

limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in

character." *Id.* at 516. Accordingly, the court held that number of employees was not a

jurisdictional issue but rather "an element of a plaintiff's claim for relief . . . ." *Id.* The Supreme

Court effectively reinstated the jury verdict in plaintiff's favor. Defendant had waived its

defense.

Plaintiff Brannan argues in this case that the statutory language and definitions in the

TILA legislation "could hardly be more similar to the Civil Rights Act of 1964." Thus, she

argues that it follows that the Supreme Court's discussion and holding in *Arbaugh* under a Title

VII lawsuit should be dispositive here on the "numeric threshold" of the creditor definition under

TILA. She contends that the number of creditors is not a jurisdictional issue but one that

defendants should have raised prior to the conclusion of trial and that therefore the issue was not

properly considered by the court subsequent to the ruling in the initial memorandum opinion of

April 14, 2008.

The only aspect of *Arbaugh* applicable here is the Supreme Court's ruling that a party

cannot raise an issue of the substantive adequacy of the plaintiff's claim late in the lawsuit. 546

U.S. at 504. This court previously decided this issue by allowing defendants to raise the number

of creditors issue in a motion to reconsider filed after entry of the April 14 opinion. However,

that ruling was made without regard to Federal Rule 12(h)(2), relied upon by the Supreme Court

in *Arbaugh* and now raised in plaintiff's motion. Federal Rule 12(h)(2), made applicable in

bankruptcy adversary proceedings by Bankruptcy Rule 7012, provides as follows:

> A defense of failure to state a claim upon which relief can be granted . . . may be
> made in any pleading permitted or ordered under Rule 7(a), or by motion for
> judgment on the pleadings, or at the trial on the merits.[1]

___

[1]That rule was revised in 2007 to read in part as follows:
When to Raise [Other Defenses]. Failure to state a claim upon which relief can be
granted, . . .  or to state a legal defense to a claim may be raised

The amended memorandum opinion entered in this case on October 1, 2008, held that in view of the high effective interest rate generated under the transaction between plaintiff and the Brymers, "the definition of creditor supplied by 15 U.S.C. § 1602(f) applies: a creditor is a 'person who originates 2 or more mortgages . . . in any 12-month period or any person who originates 1 or more mortgages through a mortgage broker . . .'" The court makes the following statement on the same page of the opinion:

> Because the court has found that the transaction at issue was an equitable mortgage subject to TILA, it must now examine whether Brymer, Gladstone and Bradley are lenders whose actions are covered by TILA. This more difficult TILA issue is raised by defendants' argument that Brymer and Gladstone do not meet the definition of creditors for purposes of the statute. <u>Although this particular issue was not raised by defendants before or at trial, the court has separately ruled that the defense may be raised.</u>

(Amended Memorandum Opinion, October 1, 2008, at 22 (emphasis added); a similar statement was made at page 9 in the reconsideration opinion entered on the same day.) In hindsight, the underscored language that the issue was not raised before or at trial is not completely accurate and is somewhat out of context with respect to the issue raised by plaintiff's present motion.  The statement will be considered anew below.

Because no party filed a motion for judgment on the pleadings, the question now to be considered is whether the "creditor question" issue was raised in any pleading prior to trial or at trial. Fed. R. Civ. P. 12(h)(2). The answer  requires a summary review of defendants' pleadings

---

        (A) in any pleading allowed or ordered under Rule 7(a);
        (B) by a motion under Rule 12(c); or
        (C) at trial.
Fed. R. Civ. P. 12(h)(2) (2008).

in this adversary proceeding, including their post-trial briefs, which the court considers as

closing argument at trial.

Review of Pleadings.

Initial and Amended Complaint. This adversary proceeding was initiated by plaintiff's

complaint (docket 1) filed September 7, 2006. After the clerk issued a notice of deficient filing,

plaintiff filed an amended complaint (docket 11) on October 5, 2006. Count III of the amended

complaint (pars. 31-37) is the TILA count. The allegations refer to the transaction between

plaintiff debtor and Brymer, Bradley, and Gladstone (and defendant Great Northern) as a loan

transaction in which these defendants failed to make proper TILA disclosures. There is no

specific allegation that the defendants are "creditors" under TILA. In the prayer for count III,

plaintiff asks that the Brymer defendants be ordered to tender back to her a deed to her residence,

that they remove all clouds on title, and that they be ordered to pay statutory damages of

$2,000.00 plus costs and attorney fees. In paragraph 37 plaintiff alleges that she had given the

Brymer defendants notice of rescission pursuant to 15 U.S.C. § 1639. The court later ruled that

plaintiff had not sent such a notice to the Brymer defendants but that the complaint in this

proceeding qualified as a rescission notice.

Brymer Defendants Motion To Dismiss and Memorandum in Support. On October 18,

2006, the Brymer defendants filed a motion to dismiss the amended complaint, accompanied by

a memorandum in support (dockets 17, 18). With respect to count III, defendants moved to

dismiss this count. The memorandum in support stated that count III failed to state a cause of

action under TILA, that the transaction was not a credit transaction, that Brymer, Bradley, and

Gladstone were not creditors as defined by 15 U.S.C. § 1602(f), and that the claim was barred by

the statute of limitations.

Court's Order on Brymer Defendants Motion to Dismiss. On January 30, 2007, the court

denied the motion to dismiss as to count III without discussion (docket 29). The court granted

the motion to dismiss in part as to another count and allowed plaintiff an opportunity to amend

her complaint.

Plaintiff's Second Amended Complaint. On February 9, 2007, plaintiff filed a second

amended complaint (docket 30). The allegations of count III were identical to those in the

amended complaint.

Answer of Brymer, Bradley, and Gladstone. The Brymer defendants' answer to the

amended complaint was filed on February 20, 2007 (docket 31). The answer admitted and denied

various allegations of count III. The answer denied that the subject transaction "falls within

TILA," that the transaction required any disclosure under HOEPA, or that the transaction

requires a right of rescission to be provided.

Trial on Second Amended Complaint Held August 16, 2007. At the conclusion of the

evidence, the court declined to hear oral closing argument but took ruling under advisement and

directed the parties to submit briefs with proposed findings of fact and conclusions of law.

Findings of Fact and Conclusions of Law filed by Brymer Defendants. In their proposed

conclusions of law with respect to count III (docket 66), defendants assert that "plaintiff's

evidence fails to set forth a cause of action under TILA . . . ." The essential reason, stated several

times, was that there was "no credit transaction" between plaintiff and the Brymer defendants

that would invoke provisions of TILA. In a supplement to their proposed findings and

conclusions (docket 69), the Brymer defendants again assert that there is no evidence that

plaintiff entered into a credit transaction with any defendant. There is no mention in either of

these submissions of the definition of creditor for TILA purposes.

Defensive Pleadings of Great Northern Trading Company. In its answers to the amended

and second amended complaint, Great Northern denied liability under TILA; it admitted it had

not made TILA disclosures to plaintiff but asserted it had no obligation to make such disclosures.

In its proposed memorandum opinion submitted as argument following trial, Great Northern

asserted that it was not in the business of extending consumer credit, was not a creditor under 15

U.S.C. § 1602(f), had not entered into a consumer credit transaction with plaintiff, and was not

obligated to make TILA disclosures.

Analysis and Conclusions.

The opinion of April 14 ruled that TILA applied to the equitable mortgage transaction

between plaintiff and the Brymer defendants but did not apply to Great Northern. Because

plaintiff had not properly rescinded the transaction, the opinion allowed plaintiff time to rescind.

No judgment order was entered. The motions to reconsider followed in which plaintiff argued

she had rescinded the transaction in her amended complaint. The Brymer defendants argued that

the court should reconsider the TILA ruling; they claim TILA did not apply because, among

other reasons, defendants were not within the definition of creditors specified by TILA.

In the amended opinion entered October 1, the court agreed with plaintiff that plaintiff's

amended complaint effected a rescission of the transaction but agreed with Brymer that

defendants were not creditors under TILA.

There is an obvious distinction between the facts of instant case and those in the Supreme

Court's decision, *Arbaugh* v. *Y & H Corporation*. In *Arbaugh*, the defendant employer never

challenged the applicability of the sex discrimination statute until it filed a motion after the

district court had entered judgment. Rather the defendant's responsive pleadings acknowledged

it was subject to the jurisdiction of the statute but "denied [plaintiff's] contentions on the merits."

*Arbaugh*, 546 U.S. at 507. That is not the situation here. As noted above, both the Brymer

defendants and Great Northern challenged the applicability of TILA to the subject transaction at

every stage of pleading and in their closing briefs. Brymer's motion to dismiss count III of the

amended complaint stated that these defendants were not creditors under the TILA definition.

Plaintiff acknowledges the Brymer defendants' pleadings but asserts that they waived the

number of creditors question by failing to specifically raise it at trial. Certainly, it is true, as

observed in the court's two most recent opinions, that defendants did not make this particular

argument until after the court's opinion of April 14, 2008. However, in their post-trial proposed

findings and conclusions they continued to assert that the evidence failed to set forth a TILA

cause of action for the essential reason that there was not a credit transaction involved for TILA

purposes. This assertion was consistent with their earlier defensive pleadings. Thus, the court's

earlier statements should be qualified to the extent that defendants broadly denied TILA's

applicability though not the number of creditors.

In conclusion, the court finds that plaintiff's motion for reconsideration must be denied

for two reasons.

First, the Brymer defendants' pleadings prior to the court's ruling of April 14, 2008,

challenged plaintiff's count III TILA claim in literal compliance with the requirements of Rule

12(h)(2). Not only did the motion to dismiss state that defendants were not creditors but

defendants' other pleadings were also adequate to put plaintiff on notice that all elements of a

TILA claim were in issue.[2] It must also be remembered that up until the opinion of April 14,

plaintiff had continued to stand behind her allegations that Great Northern was also subject to the

TILA count. Great Northern's pleadings strongly denied that TILA was applicable to it,

including an assertion in its post-trial proposed findings that it was not a creditor under the

definition in

§ 1602(f). This assertion was consistent with Great Northern's previous defensive pleadings.

Second, plaintiff's argument is too restrictive. Defendants' opposition to count III,

including their contention in closing brief that the plaintiff-Brymer transaction was not a credit

transaction under TILA, was broad enough to cover all aspects of the TILA cause of action,

including the definition of creditors.[3]

### Plaintiff's Alternative Motion For a New Trial.

In the alternative, plaintiff moves the court for a new trial pursuant to Fed. R. Civ. P.

59(a) on the single issue of whether the Brymer defendants are creditors under 15 U.S.C.

§ 1602(f). The court has previously discussed the standards applicable to Rule 59 motions to

alter or amend a judgment, which includes grounds for a new trial. Thus, the court has

effectively already ruled to deny a new trial.

This adversary proceeding was filed over two years ago on September 7, 2006, and trial

---

[2] In the Memorandum Opinion on Motions To Alter or Amend April 14, 2008 Opinion
(first opinion entered October 1, 2008) at p. 4, the court referred "to a new defense raised by
defendants" after the issuance of the April 14 opinion. In light of the new analysis of the issue in
the present opinion, the court's reference to "a new defense" was incorrect.

[3] Because the court left open issues under count III and did not enter a judgment order
with the April 14, 2008, opinion, it might also be argued that the trial record remained open for
defendants to raise the creditor numeracy argument.

was held on August 16, 2007, well over one year ago. Because the defendants appropriately

raised the creditor question defense in accordance with Federal Rule 12(h)(2), the court is

unwilling to prolong this case further. Accordingly, plaintiff's alternative motion for a new trial

on the creditor question issue will be denied.

A separate order will be entered.

Signed: December 18, 2008

/s/ Douglas O. Tice Jr.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:

Tabitha M. Brannan
10009 Grass Market Court
Fredericksburg, VA  22408
*Debtor*

Augustus C. Epps, Jr., Esq.
Christian & Barton, L.L.P.
909 E. Main St., Suite 1200
Richmond, VA  23219-3095
*Counsel for Debtor*

Debra. D. Corcoran, Esq.
P.O. Box 29421
Richmond, VA  23233
*Counsel for Debtor*

Teddy J. Midkiff, Esq.
Goff & Midkiff, PLLC
10310 Memory Lane, Suite 2-C
P.O. Box 313
Chesterfield, VA  23832
*Counsel for Gladstone Enterprises, Inc., Caitlin Bradley, Alan Brymer*

Christopher G. Hill, Esq.
Roy M. Terry, Jr., Esq.

DurretteBradshaw, PLC
Main Street Centre
600 E. Main Street, 20th Floor
Richmond, VA  23219
*Counsel for Great Northern Trading Company*

Carl M. Bates
600 East Main Street
P.O. Box 1819
Richmond, VA  23218
*Chapter 13 Trustee*